IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JUANITA RENTERIA, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-783 |
| | § | |
| CLOVERLEAF VOLUNTEER | § | |
| FIRE DEPARTMENT, ET AL. | § | |

**ORDER**

Before the Court is Plaintiffs' "Motion for Leave to File Amended Complaint" and their Amended Complaint. (Docket Entry ("Doc.") Nos. 59 & 60, respectively). In addition to uniting the three sets of Plaintiffs into a single complaint, Plaintiffs seek to amend their complaint to add two new allegations against the Department and Chief Batisse that are based on negligent hiring, training and supervision. (Doc. No. 60 at p. 4-5, ¶ 17). Plaintiffs allege that they should be permitted to amend their complaint because discovery raised facts supporting their claims for negligence against the Department and Chief Batisse. (Doc. No. 59 at p. 2). Defendants oppose Plaintiffs' Motion to Amend on the grounds that it would be futile, there is no good faith factual basis for the proposed amendment, and there was undue delay by Plaintiffs in moving to amend their complaint based on these new claims. (Doc. No. 65).

Rule 15(a) of the Federal Rules of Civil Procedure permits a plaintiff to amend his pleading "once as a matter of course" before a responsive pleading is filed. FED. R. CIV. P. 15(a)(1). Thereafter, the Rule does not permit a pretrial amendment without the written

consent of the opposing party or the court's leave. FED. R. CIV. P. 15(a)(2). While it is, of course, true that the Rule provides that a "court should freely give leave when justice so requires," approval is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). Rather, the decision to grant or deny leave to amend is within the sound discretion of the trial court and "denial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing party." *Underwriters at Interest on Cover Note JHB92M10582079 v. Neutrinos*, 79 F.3d 480, 484 (5th Cir. 1996). A court is instructed to consider the following five factors in deciding whether to grant leave to amend a complaint: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir.2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). In the absence of any of these factors, the requested leave to amend should be freely granted. *Foman*, 371 U.S. at 182.

Having carefully considered Plaintiffs' Motion for Leave to Amend and Defendants' Opposition, the Court concludes, as urged by Defendants, that Plaintiffs' request for leave to amend their complaint (Doc. No. 59) would be futile and, therefore, should be and is hereby **DENIED**.

Also before the Court, while not yet ripe for adjudication, is Defendants' renewed Motion to Dismiss. Plaintiffs filed a Response to Defendants' Motion and, along with it,

they attached numerous exhibits for the Court's consideration in ruling on Defendants' renewed Motion. Insofar as the Court is asked to consider documents outside the pleadings in deciding this case, and considering that the parties will have ample opportunity to respond, the Court hereby **NOTIFIES** the parties that it will consider Defendants' renewed Motion to Dismiss under the FED. R. CIV. P. 56 standards governing summary judgment. *Ware v. Assoc. Milk Producers, Inc.*, 614 F.2d 413, 414 (5th Cir. 1980). **Accordingly, this Order will serve as the "conversion" notice required by FED. R. CIV. P 12(b).**

**IT IS SO ORDERED**.

**DONE** at Galveston, Texas this _____30th_____ day of July, 2009.

_____
John R. Froeschner
United States Magistrate Judge